1  DAVID RAIZMAN, CA Bar No. 129407
   david.raizman@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
4  Telephone: 213.239.9800
   Facsimile: 213.239.9045
5
   Attorneys for Defendants
6  UNIVERSAL STUDIOS, INC.; UNIVERSAL STUDIOS
   L.L.C., and NBCUNIVERSAL MEDIA L.L.C.
7

8  METZ & HARRISON, LLP
   Jeff A. Harrison (SBN 151227)
9  Sara P. Kunkel (SBN 260240)
   139 Richmond Street
10 El Segundo, California 90245
   Telephone: (310) 648-8755
11 Facsimile: (310) 648-8734
   Email: jharrison@metzharrison.com
12        skunkel@metzharrison.com

13 Attorneys for Plaintiffs
   ANGEL CASTELAN and MARVIN HUEZO
14

*NOTE CHANGES MADE BY THE COURT*

Efiled 3-25-13 1:27 PM

*NOTE CHANGES MADE BY THE COURT*

15              UNITED STATES DISTRICT COURT
16              CENTRAL DISTRICT OF CALIFORNIA
17

18 ANGEL CASTELAN and MARVIN      | Case No. CV12-05481 JFW (AGRx)
   HUEZO, individuals;
19                                | [~~PROPOSED~~] PROTECTIVE ORDER
       Plaintiffs,
20                                | [Concurrently filed with Stipulation for
   v.                               Protective Order]
21
   UNIVERSAL STUDIOS, INC., a     | Pre-Trial Conference:  June 7, 2013
22 Delaware Corporation; UNIVERSAL  Trial Date:            June 18, 2013
   STUDIOS L.L.C., a Delaware limited
23 liability corporation;
   NBCUNIVERSAL MEDIA L.L.C., a
24 Delaware limited liability corporation;
   and DOES 1 through 10, Inclusive;
25
       Defendants.
26

27

28

Castelan Proposed Order.doc

Case No. CV12-05481 JFW (AGRx)

[PROPOSED] PROTECTIVE ORDER

The Court, having considered the Stipulation for Protected Order submitted by the parties, and finding good cause, ORDERS as follows:

1. <u>DESIGNATING HIGHLY CONFIDENTIAL MATERIAL</u>

    1.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party[1] or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    1.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 1.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced or in the case of the Receiving Party[2] within 30 days of receipt of the material.

    Designation in conformity with this Order requires:

    (a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party[3] (or Receiving Party where applicable) affix the legend "HIGHLY CONFIDENTIAL –

---

[1] A "Party" is defined as any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

[2] A "Producing Party" is a Party or non-party that produces items or information that are produced or generated voluntarily, in disclosures or in response to discovery requests in this matter.

[3] A "Receiving Party" is a Party that receives items or information that are produced or generated voluntarily, in disclosures or in response to discovery requests in this matter.

FOR ATTORNEYS' EYES ONLY" on each page that contains Highly Confidential Material.[4]

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY") on each page that contains Highly Confidential Material or otherwise make known, in writing, the pages containing Highly Confidential Material.

(b) <u>for testimony given in deposition or in other pretrial ~~or trial~~ proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony

---

[4] "Highly Confidential Material" includes documents and/or information constituting, regarding or discussing: (a) original, revised and/or updated operation and maintenance manuals for The Mummy Ride (or any other attraction) at USH; (b) any safety, engineering or other analyses provided to Defendants by the manufacturer of The Mummy Ride (or any other attraction) at USH .original, updated and/or revised restraint and containment analyses for The Mummy Ride (or any other attraction) at USH; (c) modifications to The Mummy Ride (or any other attraction) after installation at USH; (d) inspections and other approvals relating to the safety or ride-ability of The Mummy Ride (or any other attraction) at USH; and (e) any safety, engineering or other analyses provided to Defendants by the manufacturer of The Mummy Ride (or any other attraction) at USH.

may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the relevant transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Transcript pages containing Highly Confidential Material must be separately bound by the court reporter, who must affix to each such page the legend "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

1.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Highly Confidential – For Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Highly Confidential – For Attorneys' Eyes Only" after the material was initially produced, the Receiving Party (or the Producing Party as the case may be) on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

1.4   Documents Produced Before Court's Entry of Protective Order. As to those documents produced by any Party or non-Party prior to the Court's entry of the Protective Order, any Party's designation of such documents or information contained in such documents as Highly Confidential Material in anticipation of the Court's entry of the Protective Order shall be treated as Highly Confidential Material for all intents and purposes under this Order.

2.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

2.1   Timing of Challenges. A prompt challenge to a Designating Party's confidentiality designation is necessary and therefore shall be made within 30 days

1  of receipt of the Highly Confidential Material sought to be challenged.

2      2.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    2.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a joint stipulation (or, if necessary, an *ex parte* application) under Civil Local Rule 37 that identifies the challenged material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

3.   <u>ACCESS TO AND USE OF HIGHLY CONFIDENTIAL MATERIAL</u>

    3.1   <u>Basic Principles</u>. A Receiving Party may use Highly Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Highly Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10 below (FINAL DISPOSITION).

    Highly Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.2   <u>Disclosure of HIGHLY CONFIDENTIAL MATERIAL</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel[5] of record in this action, as well as employees of said Counsel and expert witnesses or consultants retained by said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   House Counsel[6] of a Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   the author of the document or the original source of the information.

(d)   the Court and its personnel; and

(e)   court reporters, their staffs, and Professional Vendors[7] to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)   the Court and its personnel.

4.   <u>HIGHLY CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Highly Confidential Material, the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no

---

[5] "Outside Counsel" is defined as attorneys who are not employees of a Party but who are retained to represent or advise a Party in the action.

[6] "House Counsel" is defined as attorneys who are employees of a Party.

[7] "Professional Vendors" are defined as persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

5. <u>UNAUTHORIZED DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, he, she or it has disclosed Highly Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use his, her or its best efforts to retrieve all originals and copies of the Highly Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached to this Order as Exhibit A.

6. <u>FILING HIGHLY CONFIDENTIAL MATERIAL</u>

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public

record in this action any Highly Confidential Material, except as set forth in this paragraph. If a party wishes to file a document that has been designated as Highly Confidential by another party, the submitting party shall submit a written application informing the Court that the document has been designated by the other party as Highly Confidential Material pursuant to this Order, along with the document submitted for filing under seal pursuant to Civil Local Rule 79-5.1. Within five (5) Court days, the party who has designated the document as Highly Confidential Material shall file a declaration establishing that the Highly Confidential is sealable or withdraw the designation as Highly Confidential Material. If the designating party does not file its responsive declaration as required in this paragraph, the submitting party may proceed as if the application for a sealing order has been denied. If a party's request to file Highly Confidential Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court in full, the submitting party may retain the document and not make it part of the record in the case, or within four (4) Court days, re-submit the document for filing in the public record unless otherwise instructed by the Court. If the request is denied in part and granted in part, the Party may resubmit the document in a manner that conforms to the Court's order.

7. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Highly Confidential Material to the Producing Party. As used in this subdivision, "all Highly Confidential Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Highly Confidential Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Highly Confidential Material instead of returning it. Whether the Highly Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

1  identifies (by category, where appropriate) all the Highly Confidential Material that
2  was returned or destroyed and that affirms that the Receiving Party has not retained
3  any copies, abstracts, compilations, summaries or other forms of reproducing or
4  capturing any of the Highly Confidential Material.

5  8.  **MISCELLANEOUS**

6      8.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any
7  person to seek its modification by the Court in the future.

8      8.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of the
9  [Proposed] Protective Order, no Party waives any right it otherwise would have to
10 object to disclosing or producing any information or item on any ground not
11 addressed in this Order.  Similarly, no Party waives any right to object on any ground
12 to use in evidence of any of the material covered by this Order.

13     IT IS SO ORDERED.

15 DATED: April 17, 2013                    /s/ Alicia G. Rosenberg
16                                          UNITED STATES ~~DISTRICT~~ JUDGE
17                                                         Magistrate

18 Respectfully submitted,

19 METZ & HARRISON, LLP

20 By: /s/ Jeff A. Harrison
21     Jeff A. Harrison
       Sara P. Kunkel
22 Attorneys for Plaintiffs
   ANGEL CASTELAN and MARVIN HUEZO
23

24 OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
25

26 By: /s/ David Raizman
       David Raizman
27 Attorneys for Defendants
   UNIVERSAL STUDIOS, INC.;
   UNIVERSAL STUDIOS L.L.C., and
28 NBCUNIVERSAL MEDIA L.L.C.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], have read in its entirety and understand the Stipulation for Protective Order and the Protective Order in the matter of *Angel Castelan, et al. v. Universal Studios, Inc., et al.,* United States District Court for the Central District of California, Case No. CV12-05481 JFW (AGRx). I agree to comply with, and be bound by, all of the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

Under the Protective Order, I am qualified to receive Highly Confidential Material. I agree that, except in compliance with the Protective Order, I will not disclose in any manner to any person or entity any information or item that is subject to the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

Date: _____   Signature: _____

Full Name: _____

Title: _____

Company: _____

Address: _____

_____

Telephone No.: _____

Castelan Proposed Order.doc